**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*, | Case No. 16-11895 (JLG) |
| Debtors.[1] | (Jointly Administered) |

---

| | |
|---|---|
| BURLINGTON LOAN MANAGEMENT DAC; COWELL & LEE ASIA CREDIT OPPORTUNITIES FUND; and HUTCH MASTER FUND LTD., | Adv. Pro. No. _____ |
| Plaintiffs, | |
| v. | |
| CHINA FISHERY GROUP LIMITED (CAYMAN); CORPORACIÓN PESQUERA INCA S.A.C.; COÖPERATIEVE RABOBANK U.A., HONG KONG BRANCH, IN ITS CAPACITY AS PREDECESSOR AGENT; MADISON PACIFIC TRUST LIMITED, IN ITS CAPACITY AS SUCCESSOR AGENT; and CFG INVESTMENT S.A.C., | |
| Defendants. | |

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd., Golden Target Pacific Limited, Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited, Admired Agents Limited, Chiksano Management Limited, Clamford Holding Limited, Excel Concept Limited, Gain Star Management Limited, Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited, Loyal Mark Holdings Limited, Metro Island International Limited, Mission Excel International Limited, Natprop Investments Limited, Pioneer Logistics Limited, Sea Capital International Limited, Shine Bright Management Limited, Superb Choice International Limited, and Toyama Holdings Limited (BVI).

1

### *EX PARTE* MOTION OF PLAINTIFFS PURSUANT TO 11 U.S.C. § 107(b), FED. R. BANKR. P. 9018 AND L. BANKR. R. 9018-1, FOR AUTHORITY TO FILE EXCERPTS OF COMPLAINT UNDER SEAL

Plaintiffs Burlington Loan Management DAC; Cowell & Lee Asia Credit Opportunities Fund; and Hutch Master Fund Ltd. (collectively, the "Plaintiffs"), holders or beneficial owners of 9.75% Senior Notes due 2019 (the "Senior Notes") issued under that certain Indenture dated as of July 30, 2012 (as amended, restated, supplemented or otherwise modified, the "Indenture") by and among CFG Investment S.A.C. ("CFGI") as the Company, China Fishery Group Limited, as Parent Guarantor ("CFGL" or "Parent Guarantor"), Citicorp International Limited, as Trustee, and the Non-Russian Subsidiary Guarantors, by and through its undersigned counsel, hereby move (the "Motion") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1542 (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for authority to file certain excerpts of the adversary proceeding complaint filed in the above-captioned action (the "Complaint") under seal. In support of the Motion, Plaintiffs respectfully state as follows:

### BACKGROUND

1. On June 30, 2016, certain of the Debtors in the above-captioned cases filed petitions under chapter 11 of the Bankruptcy Code. Between September 29, 2016 and May 2, 2017, the remaining Debtors filed chapter 11 petitions. On October 28, 2016, the Court appointed a trustee solely for debtor CFG Peru Singapore (the "Chapter 11 Trustee").

2. On December 4, 2019, Plaintiffs, together with certain other holders of Senior Notes (the "Movants"), filed the *Motion of Movants Pursuant to 11. U.S.C. § 105(a), Fed. R. Bankr. P. 2004 and 9016, and L. Bankr. R. 2004-1, for an Order Authorizing Issuance of Subpoenas for Production of Documents and Examination of Witnesses and Granting Related*

*Relief* [ECF No. 1843] (the "2004 Motion"). On January 30, 2020, the Bankruptcy Court granted the 2004 Motion.[2] CFGI, Corporación Pesquera Inca S.A.C. ("Copeinca"), the Chapter 11 Trustee, CFGL, and Hogan Lovells International LLP (collectively, the "Producing Parties") agreed to produce documents pursuant to the 2004 Motion (the "2004 Documents").

3. On June 17, 2020, the Bankruptcy Court entered the Stipulation and Order Governing the Disclosure of Confidential Documents and Authorizing the Filing of Certain Documents Under Seal (the "Protective Order") [ECF No. 2073] governing the 2004 Documents.

4. Paragraph 10 of the Protective Order provides that:

"Confidential" Materials are materials that contain (a) trade secret or other confidential research, development, or commercial information, or any other information protected by Rule 9018 of the Bankruptcy Rules; (b) information subject by law or by contract to a legally protected right of privacy; (c) information that the Producing Party is legally obligated by law or contract (including any applicable confidentiality or non-disclosure agreements) to keep confidential; or (d) information that the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

5. Paragraph 24 of the Protective Order provides that:

Any Party wishing to submit or file a document containing Confidential or Highly Confidential Materials in the Chapter 11 Cases shall seek to file such document with the Bankruptcy Court in accordance with Rule 9018-1 of the Local Rules and applicable Chamber's Rules, Bankruptcy Rules, and the Bankruptcy Code.

6. On June 19, 2020, Plaintiffs filed the Complaint. In the Complaint, Plaintiffs have made reference to information contained within documents that have been designated "CONFIDENTIAL" pursuant to the Protective Order by CFGI, Copeinca, and the Chapter 11 Trustee. Portions of the Complaint containing such materials have been redacted.

7. Plaintiffs intend to meet and confer with the relevant Producing Parties concerning

---

[2] *Order Granting Motion of Movants Pursuant to 11. U.S.C. § 105(a), Fed. R. Bankr. P. 2004 and 9016, and L. Bankr. R. 2004-1, for an Order Authorizing Issuance of Subpoenas for Production of Documents and Examination of Witnesses and Granting Related Relief*, entered by the Court on January 30, 2020 [ECF No. 1941].

3

whether they will agree that any (or all) of the redacted excerpts of the Complaint may be re-filed in un-redacted form.

8.  Plaintiffs file this Motion in compliance with the Protective Order, but reserve the right, after conferring, to challenge confidentiality designations and to request that any (or all) of the redacted excerpts of the Complaint may be filed publicly in un-redacted form and/or to otherwise challenge any confidentiality designations.

## JURISDICTION

9.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10.  By this Motion, Plaintiffs request entry of an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing Plaintiffs to file a redacted copy of the Complaint; authorizing Plaintiffs to file an un-redacted copy of the Complaint under seal; and directing that the un-redacted Complaint remain under seal, confidential, and not be made available to anyone unless permitted by the Protective Order.  A proposed form of order is attached hereto as **Exhibit A**.

## BASIS OF RELIEF REQUESTED

11.  Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant part, "[o]n motion or its own

4

initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018; *see also* Local Bankruptcy Rule 9018-1. Plaintiffs, CFGI, Copeinca, CFGL, the Chapter 11 Trustee and other parties also agreed to the Protective Order, which requires parties to file Confidential or Highly Confidential Materials under seal.

12. If the Court determines that filed documents are covered by Bankruptcy Code section 107(b), the Court must issue a remedy that will protect the interested party. *See Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). The Court has broad authority to issue confidentiality restrictions in the interests of justice. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724-25 (Bankr. S.D.N.Y. 2003).

13. To preserve the status quo and enable Plaintiffs to comply with its obligations under the Protective Order, the Court should grant Plaintiffs leave to file the un-redacted Complaint under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. Sealing is particularly appropriate here where, as a practical matter, the Producing Parties cannot assert their confidentiality interests until provided with the Complaint. Further, Plaintiffs have limited the redactions to only those necessary to avoid disclosure of information designated as Confidential pursuant to the Protective Order to mitigate any potential prejudice to the parties in interest caused by the sealing of the excerpts of the Complaint.

14. By this Motion, Plaintiffs respectfully request that the Court enter the Order authorizing Plaintiffs to file a redacted Complaint and file the un-redacted Complaint under seal, and directing that such filing remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the Order. Plaintiffs request that the Clerk

5

of the Court treat the un-redacted Complaint as confidential.

## NO PREVIOUS REQUEST

15. No previous request for the relief sought herein has been made by Plaintiffs to this or any other court.

## CONCLUSION

WHEREFORE Plaintiffs respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 19, 2020
      New York, New York

                                     KASOWITZ BENSON TORRES LLP

                                     By: */s/ Matthew B. Stein*
                                     Michael A. Hanin (mhanin@kasowitz.com)
                                     Matthew B. Stein (mstein@kasowitz.com)
                                     Jill L. Forster (jforster@kasowitz.com)
                                     1633 Broadway
                                     New York, New York 10019
                                     Telephone: (212) 506-1700
                                     Fax:  (212) 506-1800

                                     *Attorneys for Plaintiffs*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| CHINA FISHERY GROUP LIMITED (CAYMAN), *et al.*, | : | Case No. 16-11895 (JLG) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

---

| | | |
|---|---|---|
| BURLINGTON LOAN MANAGEMENT DAC; COWELL & LEE ASIA CREDIT OPPORTUNITIES FUND; and HUTCH MASTER FUND LTD., | : | Adv. Pro. No. _____ |
| Plaintiffs, | : | |
| v. | : | |
| CHINA FISHERY GROUP LIMITED (CAYMAN); CORPORACIÓN PESQUERA INCA S.A.C.; COÖPERATIEVE RABOBANK U.A., HONG KONG BRANCH, IN ITS CAPACITY AS PREDECESSOR AGENT; MADISON PACIFIC TRUST LIMITED, IN ITS CAPACITY AS SUCCESSOR AGENT; and CFG INVESTMENT S.A.C., | : | |
| Defendants. | : | |

---

[1] The Debtors are China Fishery Group Limited (Cayman), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, South Pacific Shipping Agency Limited (BVI), China Fisheries International Limited (Samoa), CFGL (Singapore) Private Limited, Chanery Investment Inc. (BVI), Champion Maritime Limited (BVI), Growing Management Limited (BVI), Target Shipping Limited (HK), Fortress Agents Limited (BVI), Ocean Expert International Limited (BVI), Protein Trading Limited (Samoa), CFG Peru Investments Pte. Limited (Singapore), Smart Group Limited (Cayman), Super Investment Limited (Cayman), Pacific Andes Resources Development Limited (Bermuda), Nouvelle Foods International Ltd., Golden Target Pacific Limited, Pacific Andes International Holdings (BVI) Limited, Zhonggang Fisheries Limited, Admired Agents Limited, Chiksano Management Limited, Clamford Holding Limited, Excel Concept Limited, Gain Star Management Limited, Grand Success Investment (Singapore) Private Limited, Hill Cosmos International Limited, Loyal Mark Holdings Limited, Metro Island International Limited, Mission Excel International Limited, Natprop Investments Limited, Pioneer Logistics Limited, Sea Capital International Limited, Shine Bright Management Limited, Superb Choice International Limited, and Toyama Holdings Limited (BVI).

1

**[PROPOSED] ORDER GRANTING *EX PARTE* MOTION OF PLAINTIFFS PURSUANT TO 11 U.S.C. § 107(b), FED. R. BANKR. P. 9018 AND L. BANKR. R. 9018-1, FOR AUTHORITY TO FILE EXCERPTS OF COMPLAINT UNDER SEAL**

Upon the *Ex Parte Motion of Plaintiffs Pursuant to 11 U.S.C. § 107(b), Fed. R. Bankr. P. 9018 and L. Bankr. R. 9018-1, for Authority to File Excerpts of Complaint Under Seal* (the "Motion"), and after due deliberation thereon, and sufficient cause appearing therefore, it is hereby:[1]

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, Plaintiffs are authorized to file a redacted Complaint and file the un-redacted Complaint under seal.

3. The un-redacted Complaint shall remain under seal, unless otherwise ordered by the Court, and shall not be made disclosed other than as permitted under the Protective Order.

4. Plaintiffs are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Entry of this Order is without prejudice to the rights of any party in interest in the Chapter 11 Cases or the U.S. Trustee to seek an order of this Court unsealing all or part of the un-redacted Complaint.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2020         _____
       New York, New York                The Honorable James L. Garrity, Jr.
                                         United States Bankruptcy Judge

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2